# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RICHARD GAMBORD,<br>　　　　Plaintiff,<br>　　v.<br>WESTSIDE GAS, INC., et al.,<br>　　　　Defendants. | Case No. 17-cv-00262-BLF<br><br>**ORDER GRANTING MOTION TO SERVE VIA THE CALIFORNIA SECRETARY OF STATE**<br><br>[Re: ECF 18] |

Plaintiff Richard Gambord ("Gambord") sued Defendants Westside Gas, Inc. ("Westside Gas") and Tornessa, Inc. d/b/a as Classic Vapor Dry Cleaners, alleging violations of the American Disabilities Act among other claims. First Am. Compl., ECF 16. Before the Court is Gambord's motion to serve Westside Gas via service on the California Secretary of State because the agent for service of process cannot with reasonable diligence be located. Mot., ECF 18. The motion is unopposed. After reviewing the motion and the exhibits in support thereof, the Court grants the application for reasons stated below.

## I.  BACKGROUND

Gambord filed an initial complaint and summons was issued as to Westside Gas on January 19, 2017. Compl., ECF 1; Summons, ECF 5. Multiple attempts for service on Westside Gas by Gambord's counsel and his staff ensued.

Christopher Joseph Peoples ("Peoples") was identified to be the agent for Westside Gas, and the complaint was sent to County Process Services, Inc., a registered process server ("County Process") on January 24, 2017, to effect service on Peoples. Best Decl. ¶ 2, ECF 18-1. Based on the Secretary of State's website as of January 17, 2017, the entity and address to effect service on Westside Gas are "Christopher Joseph Peoples, at 645 Quail Run Road, Aptos, California." *Id.* ¶¶

2, 4; Ex. A to Best Decl.

The effort of multiple professional process servers was unsuccessful throughout the period of January 25, 2017 to March 29, 2017. Best Decl. ¶ 4. County Process conducted seventeen attempts, at various times and days to serve Peoples. *Id.* No one answered the door or was observed at the residence address. *Id.*

As of March 2, 2017, another inquiry was made with the California Secretary of State's Office website on the agent for service of process for Westside Gas. *Id.* ¶ 5. It was discovered that on February 26, 2017, Peoples, the CFO of Westside Gas, filed a Statement of Information which now identifies the entity address as 15966 N. 80th Street in Scottsdale, Arizona. Ex. B to Best Decl.

On March 2, 2017, County Process was directed to effect service on Peoples at this new address. Best Decl. ¶ 6. From March 15, 2017 and March 30, 2017, County Process conducted eleven attempts, at various dates and times, including a three hour and twenty five minute stakeout. *Id.* No one answered the door and the building was found locked. *Id.*; Ex. C to Best Decl.

On April 3, 2017, Gambord's counsel and his staff located two additional addresses associated with Peoples, at 740 Rosecrans Street in San Diego, California, and 8229 N. 54th Street in Paradise Valley, Arizona. Best Decl. ¶ 7. From April 3, 2017 to April 9, 2017, One Legal Process Service ("One Legal"), one of the process servers, conducted seven attempts, at various times and days to serve Peoples on behalf of Westside Gas at 740 Rosecrans Street in San Diego, California. *Id.* Again, no one answered the door even though on three separate dates, multiple vehicles were parked in the driveway. *Id.*; Ex. D to Best Decl.

As to the address at 8229 N. 54th Street in Paradise Valley, Arizona, One Legal conducted five attempts to serve Peoples at that address from April 5, 2017 to April 17, 2017. Best Decl. ¶ 8. No one answered the door and no one was seen at the residence. *Id.*

On March 21, 2017, Gambord's counsel and staff requested County Process to obtain a change of address or boxholder information from the United States Post Office for the address of 645 Quail Run Road, Aptos, California. Best Decl. ¶ 10. The post office report, dated April 10,

2

2017, indicates a change of address with the new address to be 740 Rosecrans Street, San Diego, California 92106. *Id.*; Ex. E to Best Decl.

On April 18, 2017, One Legal was directed to effect service on Peoples at 740 Rosecrans Street in San Diego, California, again despite having attempted to effect service at that location earlier that month unsuccessfully. Best Decl. ¶ 11. One Legal was also instructed to conduct stakeouts at the residence. *Id.* On May 19, 2017, a three hour stakeout, from 6 a.m. to 9 a.m. was conducted. *Id.* Two vehicles were observed at the residence, no movement was observed, and there was no answer at the door. *Id.* From May 25, 2017 to May 30, 2017, four additional attempts at various times were made. *Id.* On June 3, 2017, a three hour stakeout, from 12 p.m. to 3 p.m. was conducted. *Id.* Two vehicles were parked at the residence. During the stakeout, a female was contacted at the residence, identifying herself as the wife of the agent for service, Peoples. *Id.* She stated that he was on a business trip in Arizona, and that she was not affiliated with the company. *Id.*; Ex. F to Best Decl.

## II. LEGAL STANDARD

Fed. R. Civ. Proc. 4(h)(1)(A) allows service of process to corporations and other business entities in the same ways permitted by Rule 4(e),[1] including all methods allowed by state law. California law allows for five basic methods of service: 1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; 2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id.* § 415.20; 3) service by mail with acknowledgment of receipt, *see id.* § 415.30; 4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40; and 5) service by publication, *see id.* § 415.50.

Under California law, a court may also order under certain circumstances that service be

---

[1] Fed. R. Civ. Proc. 4(e) provides: "Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ."

3

made on a corporation by hand-delivery of process and the order authorizing such service to the Secretary of State. Cal. Corp. Code § 1702(a). Cal. Corp. Code § 1702(a) provides:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code § 1702 (West)

Based on California Corporation Code § 1702(a), the plaintiff must further show by affidavit that process against a domestic corporation cannot be served with reasonable diligence pursuant to California Code of Civil Procedure § 416.10 (service to agent for service of process or to the company's chief executive officers) and California Corporations Code § 1701 (hand-delivery of process to agent for service of process).

### III.  DISCUSSION

Gambord seeks to serve Westside Gas through the California Secretary of State. The Court analyzes whether the conditions set forth in California Corporation Code § 1702(a) have been satisfied, including the inability to effect service on the designated agent in the manner provided in California Code of Civil Procedure §§ 415.10, 415.20(a), and 415.30(a); or upon the corporation in the manner provided in §§ 416.10 or 416.20(a).

With respect to § 415.10 (personal delivery), the Court notes that Gambord tried to serve Peoples, Westside Gas' agent and CFO, no less than 45 times over a period spanning January to June of 2017, at different addresses. Gambord's process servers have further conducted stakeouts, attempted personal service at different addresses, and followed various leads to determine the correct address for Peoples, who is the sole agent on record with the Secretary of State's business

registration for Westside Gas. Gambord thus has unsuccessfully tried to effect personal service on Westside Gas and Peoples on numerous occasions pursuant to California Code of Civil Procedure § 415.10 despite reasonable diligence.

Turning to §§ 415.20 (substitute service) and 415.30 (mail service), based on the history of unsuccessful attempts, Gambord has also shown that Peoples may be evading service and the requisite addresses of Westside Gas and Peoples cannot be confirmed. Moreover, substituted service (i.e., by leaving the summons and complaint with Peoples' wife, with whom he shares a residence) would be ineffective as to Westside Gas because Peoples' personal residence is not Westside Gas' business address. As such, service of process upon Westside Gas via Peoples pursuant to California Codes of Civil Procedure §§ 415.20 and 415.30 cannot be reasonably effected.

Based on the circumstances presented here, service on Westside Gas pursuant to California Codes of Civil Procedure § 416.10 also cannot be reasonably effected. California Codes of Civil Procedure § 416.10 permits service of the summons on an agent for service of process or on heads of the corporation, vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager. As noted above, Gambord has not been able to locate and serve Peoples despite reasonable diligence. No other heads or officers of the Westside Gas have been identified despite Gambord's investigation. Accordingly, service pursuant to § 416.10 would be similarly unavailing. California Codes of Civil Procedure § 416.20 provides a means to serve a summons on a corporation that has forfeited its charter, or right to do business, or has dissolved and thus is not applicable here.

Lastly, a motion for an order to serve a corporation pursuant to California Corporations Code § 1702(a) further requires an affidavit stating that the corporation cannot be served with reasonable diligence. Gambord has fulfilled this requirement by submitting a declaration along with the instant motion, showing that he has been reasonably diligent in trying to give Westside Gas actual notice of the pendency of the action.

Considering Gambord's inability to serve Westside Gas personally through its agent for service of process and other means set forth in California Corporation Code § 1702(a), Gambord

may serve Westside Gas by hand-delivering the summons and complaint and a copy of this order to the California Secretary of State. *See* Cal. Corp. Code § 1702(a). "Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State." *Id.*

**IT IS SO ORDERED.**

Dated: June 26, 2017

_____
BETH LABSON FREEMAN
United States District Judge